UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LA'SHANE DONYALE SCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MARY CARPENTER, INDIVIDUAL AND OFFICIAL CAPACITY; DR. REGIER, INDIVIDUAL AND OFFICIAL CAPACITY; PA MANSON, INDIVIDUAL AND OFFICIAL CAPACITY; NURSE LEANN, INDIVIDUAL AND OFFICIAL CAPACITY; NURSE KELLEY, INDIVIDUAL AND OFFICIAL CAPACITY; NURSING SUPERVISOR JESSICA, INDIVIDUAL AND OFFICIAL CAPACITY; and NURSE RACHAEL TYCZ, INDIVIDUAL AND OFFICIAL CAPACITY,<br><br>Defendants. | 4:20-CV-04135-RAL<br><br><br>ORDER SCREENING CASE AND DENYING APPOINTMENT OF COUNSEL |

Plaintiff La'Shane Donyale Scottt is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. He filed a second amended complaint under 42 U.S.C. § 1983, alleging that various individuals violated his rights under the Eighth Amendment by being deliberately indifferent to his serious medical needs (Counts I and II) and that some of these same individuals were negligent and engaged in medical malpractice (Count III). Doc. 9. In the "Request for Relief" section of his second amended complaint, Scott asks for a preliminary injunction "due to the fact that I am in desperate need of repair to the stricture in my urethra" and for monetary damages. Doc. 9 at 14. Scott also moved for the appointment of counsel. Doc. 8.

1

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, the court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. Id. The facts of Scott's claims are not complex, he appears to already know most of the facts necessary to prosecute his case, and his second amended complaint clearly sets forth his claims. This Court denies Scott's request for counsel.

This Court has an obligation to screen Scott's pro se second amended complaint under 28 U.S.C. § 1915A. At this stage of the case, this Court must accept the well-pleaded allegations in the second amended complaint as true and draw all reasonable inferences in favor of the non-moving party. Schriener v. Quicken Loans, Inc., 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." Abdullah v. Minnesota, 261 Fed. App'x 926, 927 (8th Cir. 2008).

Under 28 U.S.C. § 1915A, this Court must screen prisoner claims filed in forma pauperis and determine whether they are (1) "frivolous, malicious, or fail[] to state a claim on which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." See also Onstad v. Wilkinson, 534 F. App'x 581, 582 (8th Cir. 2013).

Counts I and II of Scott's second amended complaint allege that Defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care. "[A] prison official who is deliberately indifferent to the medical needs of a prisoner violates the prisoner's constitutional rights." Letterman v. Does, 789 F.3d 856, 861 (8th Cir. 2015). To state an Eighth Amendment claim, Scott must show "a substantial risk of serious harm to the victim," and "that the prison official was deliberately indifferent to that risk of harm." Id. at 861–62 (citing Gordon v. Frank, 454 F.3d 858, 862 (8th Cir. 2006)). Scott's second amended complaint alleges a substantially serious risk of harm.

The deliberate indifference element of this claim "has two components: an actor must 'know[] of and disregard[] an excessive risk to inmate health or safety.'" Id. at 862 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Scott alleges that Defendants knew about his conditions and failed to give him adequate care. Doc. 9 at 8–12. Taking Scott's allegations as true as the Court must do on initial screening, Scott states claims under the Eighth Amendment.

Count III of Scott's second amended complaint is a different matter. He alleges that the Defendants engaged in medical malpractice and negligence and labels these claims as a "supplemental state tort claim." Doc. 9 at 13. However, "[m]ere negligence or medical malpractice . . . are insufficient to rise to a constitutional violation." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Thus, Scott's claims related to medical malpractice and negligence do not survive initial review.

3

As noted above, Scott requests a preliminary injunction requiring the repair of the stricture in his urethra. Doc. 9. This Court will wait to hear from Defendants before ruling on any request for a preliminary injunction. After all, Rule 65(a) of the Federal Rules of Civil Procedure entitles the Defendants to be heard on a motion for a preliminary injunction. Moreover, Scott appears to be receiving some health care for his urethra issues, although he alleges that this care is deficient.

Accordingly, it is hereby

ORDERED as follows:

1. Scott's second amended complaint is dismissed in part under 28 U.S.C. § 1915A. Scott's deliberate indifference claims survive initial screening, but his negligence and medical malpractice claims are dismissed without prejudice.

2. Scott's Motion for Appointment of Counsel, Doc. 8, is denied.

3. The clerk of court is directed to send blank summons forms to Scott so he may cause the summons and second amended complaint to be served upon the Defendants.

4. The United States Marshals Service shall serve a copy of the second amended complaint, Doc. 9, summons, and this Order upon the above-listed Defendants. All costs of service shall be advanced by the United States.

5. Defendant will serve and file an answer or responsive pleading to the remaining claims in the second amended complaint on or before 21 days following the date of service, unless this Court, on motion, grants a longer period of time within which to answer. The Defendants should also respond to Scott's request for a preliminary injunction within this same time period.

6. Scott will serve upon Defendants or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for

consideration by the court. He will include with the original paper to be filed with the Clerk of Court a certificate stating the date and that a true and correct copy of any document was mailed to Defendants or their counsel. Defense counsel may notify Scott if they waive this requirement and choose to receive pleadings strictly through the CM/ECF system.

DATED this 23rd day of October, 2020.

                        BY THE COURT:

                        ROBERTO A. LANGE
                        CHIEF JUDGE