UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LA'SHANE DONYALE SCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MARY CARPENTER, INDIVIDUAL AND OFFICIAL CAPACITY; DR. REGIER, INDIVIDUAL AND OFFICIAL CAPACITY; PA MANSON, INDIVIDUAL AND OFFICIAL CAPACITY; NURSE LEANN, INDIVIDUAL AND OFFICIAL CAPACITY; NURSE KELLEY, INDIVIDUAL AND OFFICIAL CAPACITY; NURSING SUPERVISOR JESSICA, INDIVIDUAL AND OFFICIAL CAPACITY; AND NURSE RACHAEL TYEZ, INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>Defendants. | 4:20-CV-04135-RAL<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO APPEAL WITHOUT PREPAYMENT OF FEES |

Plaintiff, La'Shane Donyale Scott, filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Scott's complaint, dismissing it in part and ordering service upon the defendants in part. Doc. 10. This Court later granted summary judgment to the defendants and dismissed Scott's complaint. Doc. 67. Judgment was entered in favor of the defendants, Doc. 68, and Scott filed a notice of appeal. Doc. 70. Scott now files a motion to appeal without prepayment of fees, Doc. 71, and has included a prisoner trust account report. Doc. 72.

Under the Prison Litigation Reform Act, a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " Henderson v. Norris, 129 F.3d

1

481, 483 (8th Cir. 1997) (quoting In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997)). " '[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.' " Id. (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." Id. (citing Newlin v. Helman, 123 F.3d 429, 432 (7th Cir. 1997)).

In Henderson, the Eighth Circuit Court of Appeals set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. Id. First, the court must determine whether the appeal is taken in good faith. Id. at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." Id. The initial partial filing fee must be 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). It appears that Scott's appeal is taken in good faith. Scott has average monthly deposits of $215.78 and an average monthly balance of $217.60. Based on this information, this Court grants Scott leave to appeal without prepayment of fees, but he must pay an initial filing fee of **$43.52 by November 12, 2021.**

In order to pay his filing fee, Scott must "make monthly payments of 20 percent of the preceding month's income credited to [Scott's] account." 28 U.S.C. § 1915(b)(2). The statute

places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Scott's institution. Scott remains responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d at 529-30.

Accordingly, it is

ORDERED that Scott's motion to appeal without prepayment of fees, Doc. 71, is granted. Scott must pay an initial partial filing fee of **$43.52 by November 12, 2021**, made payable to the Clerk of the U.S. District Court. It is finally

ORDERED that the institution having custody of Scott is directed that whenever the amount in Scott's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Scott's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(1), until the $505 appellate filing fee is paid in full.

DATED October 13th, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE